# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JOHN W. CANTRALL,

        Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

        Defendant.

CASE NO. 3:10-cv-05898MJP

ORDER ADOPTING REPORT AND RECOMMENDATION

The Court, having received and reviewed:

1. The Magistrate Judge's Report and Recommendation (Dkt. No. 22);
2. Plaintiff's Objections to the Report and Recommendation (Dkt. No. 23);
3. Defendant's Response to Plaintiff's Objections (Dkt. No. 24);
4. Plaintiff's Reply to Defendant's Response (Dkt. No. 25);

and all attached declarations and exhibits, as well as relevant documents from the record, makes the following ruling:

IT IS ORDERED that the Report and Recommendation is ADOPTED with amendment, the decision of the Commissioner of the Social Security Administration is AFFIRMED, and the case is DISMISSED with prejudice.

**Discussion**

The Court finds that Plaintiff's objections to the Magistrate Judge's Report and Recommendation are meritless, and that Plaintiff presents no evidence of harmful error. The Court adopts the analysis in the R&R, with the following amendments and additions:

1. Consideration of Nurse Practitioner Testimony

The Court amends the Report and Recommendation to note that the testimony of a nurse practitioner is properly considered under the category of "other sources," not under the category of "lay testimony." (Dkt. No. 22 at 9); 20 C.F.R. § 404.1513(d)(1). Plaintiff objects that Magistrate Judge Tsuchida erred by labeling Ms. Owen, the psychiatric nurse practitioner at the Columbia River Mental Health Services facility, as a "lay" witness, and then applying an incorrect legal standard to the ALJ's consideration of her opinion. (Dkt. No. 23 at 9-10.) Plaintiff argues that, because Owen is a nurse practitioner working in conjunction with a physician, she should be considered as an "acceptable medical source" under 20 C.F.R. § 404.1513(d)(1). (Id.)

In Gomez v. Chater, the Ninth Circuit held that the report of a nurse practitioner who works closely with a doctor and acts as the doctor's agent in the treatment of a patient may be considered an acceptable medical source. 74 F.3d 967, 971 (9th Cir. 1996). However, Plaintiff presents no evidence that Nurse Practitioner Owen acted primarily as a doctor's agent rather than in her capacity as a nurse practitioner. Instead, the Court finds that the testimony of Nurse Practitioner Owen is properly considered that of a "medical source not listed in paragraph (a)," under C.F.R. 404.1513(d)(1). In relevant part, 20 C.F.R. 404.1513(d)(1) provides that that

"[m]edical sources not listed in paragraph (a) of this section (for example, nurse practitioners . . .)" are to be considered "other sources." Id. Unlike "acceptable medical sources," the regulations provide that "other sources" cannot be used by applicants to establish an impairment, but can be used to "show the severity of your impairment[s] and how it affects your ability to work." 20 C.F.R. 404.1513(d).

In this case, this distinction between "lay witness" and "other source" is immaterial. A careful review of the record shows there is nothing in Nurse Practitioner Owen's reports that provide a legitimate basis for the ALJ to reach a different conclusion in Plaintiff's case. Owen's report on Cantrall's anxiety problems, mental condition, and his energy levels are in line with all the other reports in the record. (Dkt. No. 9-8 at 35.) Additionally, there is no evidence that the ALJ considered Nurse Practitioner Owen's report to a lesser extent than he considered reports by treating psychiatrist Dr. Shuey or the various examining psychologists. (Dkt. No. 9-2 at 19.)

2. Consideration of Statements of Medical Practitioners

Plaintiff also objects that the ALJ incorrectly evaluated the medical evidence in his case—giving too much weight to a report by an examining psychologist that was contradicted and rejecting without explanation significant parts of the reports of other examining psychologists. (Dkt. No. 23 at 2-10.) The Court rejects Plaintiff's arguments that the ALJ failed to give sufficient weight to statements from each medical practitioner that went against the ALJ's ultimate conclusion that Plaintiff was not disabled.

The Ninth Circuit has held that if the ALJ rejects a treating or examining physician's opinion, the ALJ must provide specific, legitimate reasons based on substantial evidence in the record. See Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009). "The ALJ [can] meet this burden by setting out a detailed and thorough summary of the facts and

conflicting clinical evidence, stating his interpretation thereof, and making findings." Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989). "Additional factors relevant to evaluating any medical opinion, not limited to the opinion of the treating physician, include the amount of relevant evidence that supports the opinion and the quality of the explanation provided; the consistency of the medial opinion with the record as a whole; the specialty of the physician providing the opinion; and other factors . . . ." Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007). An ALJ has a duty not to reject "significant probative evidence" without explanation. Flores v. Shalala, 49 F.3d 562, 571 (9th Cir. 1995).

Regarding the statements of examining psychologist Dr. Jamie E Carter that Cantrall was "moderately impaired in his ability to respond appropriately and to tolerate the pressures and expectation of a normal work setting," the Court finds that the ALJ adequately considered Dr. Carter's report and interpreted it in light of the other reports. (Dkt. No. 23 at 4.) The Court also finds that the ALJ gave appropriate weight to Dr. Carter's report because the ALJ found Dr. Carter's explanation to be persuasive and his report to be consistent with the other evidence. (Dkt. No. 9-2 at 7.)

Regarding the statements of examining psychologists Dr. Scott Alvord in August 2009 and Dr. Lawrence Moore in December 2007, the court finds no evidence in the record indicating that the ALJ rejected their reports. (Dkt. No. 9-2 at 6.) Regarding the December 2006 report of examining psychologist Dr. Robert E. Schneider, the Court finds that the ALJ correctly determined, in light of the narrative report and the other medical evidence, that this report was not determinative on the issue of disability. (Dkt. No. 9-2 at 18.) Finally, regarding the testimony of treating psychiatrist Dr. Richard Shuey, the Court finds no evidence that the ALJ rejected his

conclusions. In sum, the Court finds no errors in the ALJ's consideration of the medical evidence.

3. Evaluating Credibility

Plaintiff also objects that the ALJ erred in determining his testimony about the intensity of his symptoms was not credible. An ALJ is required to provide specific, clear, and convincing reasons to support an adverse credibility determination. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (citations omitted); Turner v. Comm'r of Soc. Sec. Admin., 13 F.3d 1217, 1224 n.3 (9th Cir. 2010).

Here, the ALJ concluded that Cantrall's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent" with the record. (Dkt. No. 9-2 at 18.) The ALJ states that his conclusion is based on Cantrall's "activities of daily living," including his work as an artist, his activity of going shopping with his roommate, and his ability to use public transportation. (Id.) The Court finds these statements by the ALJ constitute specific, clear, and convincing reasons to support an adverse credibility determination. Therefore, there is no error regarding the ALJ's adverse credibility determination.

4. Step Four Analysis

Finally, Plaintiff objects that the ALJ erred in determining that he had the residual functional capacity to perform his past relevant work. In determining a claimant's residual functional capacity, an ALJ must assess all the evidence, including the claimant's and others'

descriptions of limitation, and medical reports, to determine what capacity the claimant has for work despite his or her impairments. See 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ considers a claimant's ability to meet physical and mental demands. 20 C.F.R. § 404.1545(b-d). The ALJ may propound to a vocational expert a hypothetical that is based on medical assumptions supported by substantial evidence in the record and that reflects all the claimant's limitations. See Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995), Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989).

Here, the ALJ posed a hypothetical question to an impartial vocational expert, Susan Burkett, who noted that a hypothetical individual with Cantrall's residual functional capacity could perform his previous work as a kitchen helper. (Dkt. No. 9-2 at 19-20.) Because the record shows no error in the ALJ's assessment of Cantrall's capacity, the testimony of the vocational expert is correctly given significant weight in the determination that Cantrall could perform his past work. Therefore, the Court finds that the ALJ did not err in determining that Cantrall had the residual functional capacity to perform his past relevant work.

## Conclusion

Plaintiff has failed to establish grounds for reversal and remand. The Court therefore ADOPTS the Report and Recommendation with amendment, AFFIRMS the Commissioner's decision and DISMISSES the matter with prejudice.

The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.

Dated November 21, 2011.

Marsha J. Pechman
United States District Judge